UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| Quintrelle Miller, Individually) | ) | CIVIL ACTION |
| & as Natural Tutrix for the Minor, | ) | |
| Q.M. | ) | NO. |
| | ) | |
| *versus* | ) | Section ( )( ) |
| | ) | |
| St. Tammany Parish School Board; | ) | |
| W. L."Trey" Folse III; Jonathon A. | ) | |
| Johnson; John Doe, Principal | ) | Judge |
| | ) | |
| | ) | |
| _____ | ) | Mag. |

## PETITION FOR DAMAGES FORVIOLATIONS OF CIVIL RIGHTS AND TORT

### INTRODUCTION

**NOW INTO COURT,** through undersigned counsel, come Quintrelle Miller, Mother of, and natural tutrix and legal guardian, of the minor child, Q.M.; and hereinafter state their claims against Defendants for tort negligence under Louisiana Law and for violations of their respective legal rights under Louisiana Law, **LSA-RS CC Art 2315 _et. seq._** over which this Court has pendant jurisdiction; and for damages for violations of their Civil Rights under **42 U.S.C. 1983,** for attorney fees and other damages under **42 U.S.C. Section 1988** as follows:

This is an action for money damages, and Declaratory Judgment brought pursuant to **42 U.S.C. 1983** and **1988,** the

First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the laws of Louisiana against W.L. "Trey" Folse III: instructor, Jonathon A. Johnson; and "John Doe," principal or supervisor of Project Believe, sued in their individual and official capacities; and the St. Tammany Parish School Board directly, and under *respondeat superior*, as legally responsible employer of Folse, Johnson, and Doe.

This Court has original jurisdiction of this cause pursuant to **28 U.S.C 1331** and **1243** of Plaintiffs' causes of action which arises pursuant to **42 U.S.C. 1983** and pursuant to the Declaratory Judgment Act **28 U.S.C. 2201 and 2202.** Supplemental and pendant jurisdiction over Plaintiffs' causes of action arises under Louisiana law **28 U.S.C. 1367.** This Court has pendant jurisdiction over the Louisiana State Law claims for tort stated under **La. CCP Art 2315 *et. seq*.**

Venue lies in in the United States District Court for the Eastern District of Louisiana, New Orleans Division, because a substantial part of the events, violations, and omissions giving rise to the Plaintiffs' claims occurred in St. Tammany Parish, Louisiana, **28 U.S.C. 1391;** and Divisional venue is in the New Orleans Division because the

acts leading to and causing the claims arose in Eastern District of Louisiana, New Orleans Division.

Quintrelle Miller, a person of the full age of majority and a resident citizen of St. Tammany Parish Louisiana was at all times the Natural Mother and legal tutrix of minor, Q.M., who at all times relevant to these proceedings, was twelve years of age, and attended, pursuant to Louisiana's mandatory attendance law, Project Believe, a school for remedial and developmentally impacted students operated by defendant employees, staff, and management employed by and under the control of the St. Tammany Parish School Board, a semi-autonomous governmental body operating under the auspices and regulations of St. Tammany Parish, the Louisiana Legislature, the Louisiana State School Board authority and the Board of Elementary and Secondary Education.

Description of individual Defendants to the Civil Rights and other legal violation alleged *infra*. are:

A)   W.L. Trey Folse, III, citizen of St. Tammany Parish and currently supervisor of St. Tammany Parish School Board;

B)   Jonathon A. Johnson, a now terminated teacher and previous instructor employed at the Project Believe School program at all relevant times to this action;

C)   John Doe, (the correct name for this person to be substituted when learned) the principal or supervisor for the Project Believe school program run by the defendant, St. Tammany Parish School Board.

All of these aforesaid defendants are sued in their individual and official capacities.

1.

At all relevant times, the named defendants were acting under color of Louisiana State Law, and **LSA RS 17:416** as St. Tammany Parish School Board executives, employees, or board members taking training and instruction from Defendant School Board.

2.

Plaintiffs re-allege and reassert their aforesaid allegations.

3.

Plaintiffs have exhausted their administrative remedies, such as they were, and in fact Plaintiffs were

never accorded with any due process rights; or with any real due process procedures or hearings conforming to procedural and substantive due process, which is universally accepted in the United States to be reasonable notice, right to be heard, representation by able counsel, right to call and cross-examine all witnesses under oath, as is guaranteed under the U.S. Constitution and Bill of Rights, and made applicable to states and their subdivisions under the Fourteenth Amendment.

## FACTUAL BASES OF THE CLAIMS

### First Cause of Action

#### PART ONE

##### I.

4.

Plaintiff, Quintrelle Miller, contends that in January 2017 that Q.M., a 12 year old minor, was assigned by Defendant School Board to Project Believe in an effort to improve some developmental, emotional, and adjustment problems suffered by Q.M. in his existing school environment.

5.

During January 2017, Q.M. arrived on the Project Believe campus in Covington, LA. for his first classes and

thereafter encountered Defendant Jonathon Johnson, who serially, repeatedly, viciously and almost daily kicked, beat, slapped, punched and subjected Q.M. to physical assault and battery which caused Q.M. extensive, permanent physical and mental damages for which he has been required to seek mental and physical care which is anticipated to go on into the far future if not for Q.M.'s entire life.

6.

Defendant, Johnson, stalked Quinten Miller while he was at school and when he encountered the child, he intentionally, viciously and unforgivably kicked, slapped, hit, struck, pummeled and otherwise scared and physically abused the child, resulting in Q.M. actually regressing in his mental and physical development. He was too scared to go to school, and was so terrorized and scared of Johnson that he attempted, albeit unsuccessfully, to avoid him for the entirety of his weeks at Project Believe.

7.

Quintrelle Miller observed the radical changes to Q.M's physical and mental conditions, and his emotional regression, but it was difficult for Q.M. to enunciate his continuing problems with Defendant Johnson. Q.M. required increasing attention, and increased mental and physical care and treatment while at home with his family needing

increasing drug treatments and visits to his doctors for his health.

8.

Quintrelle Miller is worried and now fears that Q.M. has and will suffer from shaken brain syndrome and manifest concussion damage which will be a lifelong permanent injury and disability and may shorten Q.M.'s life, all resulting from Johnson's frequent shaking, slapping, pushing and pummeling of Q.M.. Plaintiffs are also concerned that Q.M. was so terrorized and traumatized by the endless physical abuse and mistreatment by Johnson that his mental and emotional condition was severely damaged and will require costly, extensive, lengthy medical treatment, medication and psychiatric care for years into the future.

9.

Although many instructors and supervisors at Project Believe had obsered and were aware of the brutalization of Q.M. at school, none interfered with the brutal conduct or reported it to the board.

10.

In April 2017, plaintiff Quintrelle Miller called the supervisor, "John Doe," at Project Believe and complained about the repeated beatings and assaults committed by Johnson. Nothing was done and the beatings continued.

11.

   Quintrelle Miller's mother, Carol Miller, witnessed
Johnson attacking, pushing, slapping, and shoving the minor
when she arrived to pick Q.M. up from school.

12.

   Quintrelle Miller wrote the Project Believe school
supervisor to complain about Johnson and request that he do
something about the illegal assaults, but nothing was done.

   Johnson's actions were motivated by hate for this
student and his actions were clearly intentional, vicious,
illegal and reprehensible, and designed to scare and
intimidate Q.M.. Johnson's acts were done with total
disregard of the rights of Q.M., or Quintrelle Miller.

13.

   Johnson was aware that his frequent groundless
assaults, beatings, and threats of personal violence
against Q.M., were contrary to Louisiana Law, and likewise
violations of Q.M.'s and Quintrelle Miller's Constitutional
rights as secured to Plaintiffs under the provisions of the
U.S. Constitution.

14.

   In March and April, Quintrelle Miller made multiple
calls to Defendant, Trey Folse, head of the St. Tammany
Parish School Board, and relayed to Folse the continuing

attacks and beatings of her minor son by Defendant Johnson. Nothing was done and the unwarranted attacks continued.

17.

In the days following Quintrelle Miller's attempt to get some action from the Board by calling Defendant Folse, Carol Miller arrived at the school to pick Q.M. up for the day and witnessed Johnson striking, hitting, and assaulting Q.M. The assault lasted long enough for Miller to video most of the assault, a copy of which was delivered to Defendant Folse. Folse finally arranged the firing of Johnson about April 24th 2017, and a complaint was filed with the St. Tammany Sheriff's Office. Finally at the end of June 2017, Johnson was arrested for, among other things, "cruelty to a juvenile."

18.

Plaintiffs claim monetary damages against Defendants School Board, Johnson, Folse, and John Doe under **42 U.S.C. 1983** for the extensive and long running reprehensible unprovoked assaults, emotional and physical injuries alleged in the aforesaid detailed listing of attackes on Q.M.

19.

Re-alleging and incorporating all prior allegations, Quintrelle Miller. claims Defendant Johnson assaulted and

battered Q.M. and continuously threatened to assault him, and physically injure him, under circumstances indicating that Johnson had apparent present ability to effectuate further assaults and injuries, which created reasonable fear and imminent peril of injury in Quintrelle Miller and Q.M. Johnson's repeated attackes on a 12 year old minor in his care at a remedial education program run by his employer, School Board, was calculated, intentional, viscious and reprehensible doing great long term permanent damage to the minor and plaintiff's mother; and Johnson is thereby responsible for payment of punitive damages for the outrageous nature of his conduct, and School Board is obliged for punitive damages because its executives had actual knowledge of the attackes and did not stop them.

20.

Defendant Johnson's repeated attacks and assaults on a defenseless minor in a school setting were clearly vindictive and intentional in nature, and **LSA CC Code 2315,** ***et. seq.*** provides a legal remedy for monetary damages against Defendant, St. Tammany Parish School Board as Johnson's employer under *respondeat superior*; against Trey Folse who as superintendent was responsible for training and discipline of the staff including Johnson, and was responsible for investigation and taking action against

Johnson when advised of the violations of school policy; and against the supervisor, John Row was advised of the attacks on Q.M. who was under his care at Project Believe but failed to intervene or stop Johnson's attacks while Q.M. continued to be attacked on a daily basis on the school grounds he was responsible for having been made aware of the attacks made by his teached.

Defendant, Johnson, also assaulted and battered Q.M. by intentionally and offensively touching, slapping or kicking Q.M.'s body and personal effects.

26.

Plaintiffs re-allege and incorporate by reference all of the foregoing allegations.

27.

As a direct result of Defendant Johnson's acts as aforesaid, Q.M. suffered the following injuries and damages:

Violation of his constitutional rights under the First, Fourth, and Fifth Amendments to the U.S. Constitution to be free to speak or not to speak and to have his associations and privacy maintained confidential and private; to be free from unreasonable searches and seizures of his person or effects; to be free of threats of violence and immediate punishment; to be free of false

imprisonment, detention and loss of personal freedom and liberty without due process; to be free of intentional, offensive or injurious contact with his body and personal effects; fear of imminent peril resulting from an offer or threat to injure him; or actual physical and emotional damages.

28.

All prior allegations are reiterated and incorporated herein.

29.

It was the policy and/or custom of the St. Tammany Parish School Board to inadequately supervise and train its school personnel including Johnson and John Doe thereby failing to discourage constitutional violations on the part of its school personnel.

30.

As a result of the aforesaid practices, customs, and procedures at the St. Tammany Parish School Board, Johnson, Folse and Doe believed that their actions would not be monitored or watched by supervisory personnel or law enforcement and that their misconduct would not be investigated or draw sanctions but would be tolerated and in fact approved by School Board and their peers.

31.

The above described policies, customs, and procedures demonstrate a deliberate indifference and disregard on the part of St. Tammany Parish School Board to the constitutional rights of persons effected by the School Board's actions as students or parents, and were a cause of the violations of Plaintiffs rights alleged herein.

32.

The St. Tammany Parish School Board is liable for the assault, battery, striking, slapping, and kicking of Q.M.; and the financial and emotional damages sustained by Quintrelle Miller, Q.M.'s mother and tutrix, arising from these abusive practices by Johnson and the remaining defendants' failure to discover and stop the multiple assaults and batteries on Q.M by their teacher while on their school grounds.

**PART TWO**

**II.**

**33.**

All of the foregoing allegations are reiterated and incorporated herein.

**34.**

Defendant, School Board, is liable for monetary damages to Plaintiffs under **LSA-RS CC Art 2315 _et. seq._**

because School Board became aware of the Johnson attacks on
Q.M. but did nothing to stop them until School Board
received video of an actual event. Moreover, School Board
is legally responsible for the tortious actions of its
employee under *respondeat superior.*

35.

All prior allegations are repeated and incorporated.

36.

St. Tammany Parish School Board was responsible for
the actions and violations of Plaintiffs' civil rights by
Johnson, Doe, and Folse because Folse, Johnson and Doe were
acting in the scope of their employment at the time of the
violations.

**37.**

Petitioners are entitled to, and seek redress under
Section 1983, and a Judgment of this Court under Section
1983 awarding substantial monetary damages to Plaintiffs
for the willful and abusive violations of rights and civil
rights guaranteed to citizens including Plaintiffs by the
U.S. Constitution and made applicable to these Defendants
by the Fourteenth Amendment including, but not limited to,
physical and mental injuries, medical expenses, extreme
emotional distress and treatment therefor, subjection to
public embarrassment and humiliation, disruption of

Plaintiffs' lives, policy and procedures intentionally and willfully violative not only of the U.S. constitution, and **42 U.S.C. Section 1983**, but of Louisiana's own statutes **LSA CC Art 2315 et. seq.** which Defendant Johnson intentionally violated. Plaintiffs also seek attorney fees under **42 U.S.C.1988,** and punitive damages for the actions of Johnson.

38.

Plaintiffs reiterate and incorporate all prior allegations.

### III.

### SECOND CAUSE OF ACTION

**39.**

As an alternative cause of action against the individual and collective Defendants enumerated herein, separate and apart from their allegations and demands for relief under the **Civil Rights Act, 42 U.S.C. Section 1983,** Plaintiffs are entitled to recover against them for their repetitive, willful, and intentional violations of Plaintiffs' civil rights as specified in the above and foregoing allegations, which are incorporated herein by reference thereto as if copied verbatim and *en extenso.* Plaintiffs demand relief and a judgment against the St.

Tammany School Board and the named Defendants to the same extent as prayed for within the First Cause of Action.

**40.**

Plaintiffs reiterate their individual and collective demands for the various judgments, civil and equitable relief, and damages as prayed for in the First Cause above.

**41.**

Plaintiffs request trial by jury on all issues in all causes of action asserted.

Respectfully submitted,

//s Fred E. Salley
_____
**FRED E. SALLEY, T.A. (11665)
SALLEY & ASSOCIATES
P.O. Box 3549
77378 Hwy 1081 Cretien Annex
Covington, Louisiana 70434
Telephone: (985) 867-8830
Facsimile (985) 867-8927
Counsel for all Plaintiffs,
Quintrelle Miller, *et. al.***

Please Serve:

**Via certified mail**

**St. Tammany Parish School Board
321 Theard Str.
Covington, La. 70434**

**W.L. Trey Folse III
321 Theard Str.
Covington, La. 70434**

**Jonathon A. Johnson
811 N. Pearl Drive
Slidel, LA. 70461**

## VERIFICATION

**State of Louisiana:**

**Parish of St. Tammany:**

Before me, the undersigned authority, a Notary Public in and for the Parish of St. Tammany, State of Louisiana, personally came and appeared:

### Quintrell Miller

Who, upon being duly sworn did personally state and attest under oath that:

That she is the mother and natural tutrix of un-emancipated minor. Quentin Miller, who is currently a co-complainant with Affiant in Miller *vs.* St. Tammany Parish School Board being filed in the District Court;

That she has read the aforesaid complaint against St. Tammany Parish School Board and others;

That Affiant verifies that the contents and allegations of the complaint are true and correct to the best of her knowledge, information and belief;

Thus personally done and signed in a document of one page, including signatures, before me, a Notary Public for the Parish of St. Tammany, State of Louisiana, this 30th Day of March 2017.

*Quintrell Miller*

**Quintrell Miller**

**Sworn and subscribed, before me,**
**the undersigned Notary Public.**
**This 30th Day of March 2018**

**Notary Public**
**My Commission is for Life**



- 1 -