UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| QUINTRELLE MILLER | CIVIL ACTION |
|---|---|
| VERSUS | NO. 18-3920 |
| ST. TAMMANY PARISH SCHOOL BOARD, ET AL. | SECTION "B"(3) |

## ORDER AND REASONS

Defendants St. Tammany Parish School Board and W.L. Trey Folse, III filed a motion to dismiss and for summary judgment. Rec. Doc. 31. Plaintiffs filed a response in opposition. Rec. Doc. 34. Defendants then sought, and were granted, leave to file a reply. Rec. Doc. 39. For the reasons discussed below,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and plaintiffs' federal claims against defendants are **DISMISSED with prejudice**, and plaintiffs' state law claims are **DISMISSED without prejudice**.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This case arises out of the alleged physical assault and battery of QM, a 12-year-old minor, by Jonathon Johnson, an instructor and teacher at the Project Believe School program. Rec. Doc. 1 at 5. Plaintiffs assert that QM was repeatedly kicked, slapped, and punched by Jonathon Johnson after arriving at the Project Believe campus in January 2017, and suffered physical and mental damages as a result. Id at 6. Plaintiffs claim that instructors and supervisors at Project Believe were aware of QM's

1

assault but did not interfere or report it to the school board. Id. at 7. Plaintiffs allege that Quintrelle Miller made multiple calls to defendant Trey Folse, head of the St. Tammany Parish School Board, regarding the attacks on QM in March and April 2017. Id. at 8. Additionally, plaintiffs state that Quintrelle Miller's mother, Carol Miller, witnessed the attacks when picking QM up from school and was able to record a video, which was delivered to Folse. Id. at 9. Ultimately, Johnson was fired on April 24, 2017. Id. In June 2017 Johnson was arrested by the St. Tammany Sheriff's Office for, among other things, cruelty to a juvenile. Id. at 9.

Plaintiffs filed this action on April 13, 2018 seeking damages pursuant to 42 U.S.C. 1983 for constitutional violations as well as under Louisiana law for tort claims. Id. Plaintiffs assert that defendant Johnson's actions violated QM's constitutional rights under the First, Fourth, Fifth, and Fourteenth Amendments and that it was the policy or custom of the St. Tammany Parish School Board to inadequately supervise and train its personnel, thereby failing to discourage constitutional violations. Id. at 12. Therefore, plaintiffs assert that the St. Tammany Parish School board is liable for the assault and battery of QM and the financial and emotional damages. Id. at 13. Plaintiffs seek punitive damages from Johnson and the School Board for Johnson's conduct, alleging that the executives had actual knowledge of the attacks and did not stop them. Id. at 10. Plaintiffs also bring state law claim

under LSA-RC CC Art 2315 for damages resulting from the tortious actions of defendant Johnson. Id. at 13-14.

## **LAW AND ANALYSIS**

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)[1]

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff's complaint "must contain 'enough facts to state a claim to relief that is plausible on its face.'" Varela v. Gonzalez, 773 F.3d 704, 707 (5th Cir. 2014) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). When deciding whether a plaintiff has met his burden, a court "accept[s] all well-pleaded factual allegations as true and interpret[s] the complaint in the light most favorable to the plaintiff, but '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements' cannot establish facial plausibility." Snow Ingredients, Inc. v. SnoWizard, Inc., 833 F.3d 512, 520 (5th Cir. 2016) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)) (some internal citations and quotation marks omitted).

---

[1] Because the Court is considering only the complaint and resolves this issue based on the passage of the statute of limitations, it is considered a 12(b)(6) motion rather than a summary judgment motion.

A. <u>One-Year Prescriptive Period for § 1983 Claims</u>

Plaintiffs' federal claims must be dismissed because the statute of limitations has run. "The statute of limitations for a suit brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state." *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001). Louisiana Civil Code Article 3492 provides a one-year prescriptive period for tort actions. *See Jones v. Orleans Parish School Board,* 688 F.2d 342 (5th Cir.1982). The Fifth Circuit has routinely applied this one-year prescriptive period to § 1983 claims brought in federal courts in Louisiana. *See Heath v. Bd. of Supervisors for S. Univ. & Agric. & Mech. Coll.*, 850 F.3d 731, 739 (5th Cir. 2017); *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 421 (5th Cir. 2016) *Pittman v. Conerly*, 405 Fed.Appx. 916, 918 (5th Cir. 2010).

Although the statute of limitations is determined by state law, federal law determines when a cause of action accrues. *Heath* at 740. Under federal law, an action accrues "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *Piotrowski* at 576 (internal quotation marks omitted).

Plaintiffs state in their complaint that "In March and April, Quintrelle Miller made multiple calls to Defendant, Trey Folse, head of the St. Tammany Parish School Board, and relayed to Folse the continuing attacks and beatings of her minor son by Defendant

Johnson." Rec. Doc. 1 at 8-9. Therefore, from the face of plaintiffs' complaint, they knew of the injury that formed the basis of this action since at least March 2017. Plaintiffs filed their complaint on April 13, 2018, more than a year after the cause of action accrued. Defendants also provide an affidavit from Kevin Darouse, Senior Supervisor of Administration, that Carolyn Miller provided a written complaint to the School System Administration on April 3, 2017 concerning QM's treatment. Rec. Doc. 31-3 at 1. Defendants attach a copy of the letter as an exhibit to their motion, showing that it is dated April 3, 2017. Rec. Doc. 31-3 at 3. Therefore, defendants aver that the action accrued on at least April 3, 2017 and plaintiffs' filing on April 13, 2018 was too late. However, the Court does not need to consider this evidence in finding that this action is time-barred, because plaintiffs themselves state in their complaint that they were aware of the alleged assault in March 2017.

Plaintiffs aver that Louisiana Civil Code Article 3496.1's three-year prescriptive period should apply rather than the one-year statute of limitations governing personal injury actions. However, the Supreme Court stated that:

> In *Wilson v. Garcia,* 471 U.S. 261 (1985), we held that courts entertaining claims brought under 42 U.S.C. § 1983 *should borrow the statute of limitations for personal injury actions.* This case raises the question of what limitations period should apply to a § 1983 action *where a State has one or more statutes of limitations for certain enumerated intentional torts,*

5

> *and a residual statute for all other personal injury actions. We hold that the residual or general personal injury statute of limitations applies.*

*Owens v. Okure,* 488 U.S. 235, 236 (1989) (emphasis added). Plaintiffs' reliance on Louisiana Civil Code Article 3496.1 is counter to binding Supreme Court precedent. Plaintiffs were aware of the potential action by March 2017. Therefore, the statute of limitations ran by March 2018 due to application of Louisiana's residual or general personal injury statute of limitations, Louisiana Civil Code Article 3492. Because this action was not filed until April 13, 2018, more than a year after plaintiffs became aware that QM had suffered an injury, the statute of limitations on the federal claims has run.

B. State Law Claims

Because this Court is dismissing plaintiffs' federal cause of action[2], the Court also dismisses the remaining state law cause of actions for lack of subject-matter jurisdiction. Plaintiffs assert in their complaint that this Court has pendant jurisdiction of their state law claims. Rec. Doc. 1 at 1.

---

[2] The Court notes that although plaintiffs attempt to alternatively assert their claims directly under the Constitution, no cause of action exists against state officials directly under the First, Fourth, and Fourteenth amendments. While the Supreme Court has recognized certain causes of action against *federal* officials directly under the Constitution, *see, e.g., Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics,* 403 U.S. 388 (1971), claims against state officials are properly asserted through §1983. *See Burns-Toole v. Byrne,* 11 F.3d 1270, 1273 n.5 (5th Cir.1994); *Hearth, Inc. v. Dep't of Pub. Welfare*, 617 F.2d 381, 383 (5th Cir. 1980).

When a court has original jurisdiction over a federal claim pursuant to 28 U.S.C. § 1331, the court also has supplemental jurisdiction over state law claims when the state law claims are "so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). Section 1367(c) enumerates the circumstances in which a district court may refuse to exercise supplemental jurisdiction:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if—
>
>   (1) the claim raises a novel or complex issue of State law,
>
>   (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
>   *(3) the district court has dismissed all claims over which it has original jurisdiction, or*
>
>   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367 (emphasis added). Pursuant to § 1367 (c)(3), we

decline to exercise supplemental jurisdiction over the remaining state claims because the Court is dismissing all claims over which it has original jurisdiction. Therefore, the remaining state claims are dismissed without prejudice.

New Orleans, Louisiana, this 20th day of March, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE